In The District Court Of The United States
For The Middle District Of Alabama
Northern Division

RECEIVED
2007 SEP 20 A 10:29
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Larry Carl Dixon
AIS#138238  Civil Action No. 2:07-CV-662-WKW
Plaintiff  [WO]

V.

Cheryl Price et.al.,
Defendants.

## MOTION FOR OBJECTION

Come Now Plaintiff Objects said Magistrate Judges recommendation. Preserving Issue's, said Covered. Preadventure appeal Follow. Note II. Conclusion

Accordingly, it is the recommendation of the Magistrate Judge that:

1. The Plaintiff's work release, rehabilitation and transfer claims be dismissed with Prejudice in accordance with the Provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff would be remissed, by way of State Created Liberty Interest. Clearly,

2. Defendants Cheryl Price, Jeffery Williams, and Paul Whaley, Identified in the Complaint as the Central Classification Director, be dismissed from this Cause of Action. Plaintiff begs to differ, The Court Prior decisions established

DIXON V. PRICE Pg. 2.

That a Liberty Interest may be Created By State Laws, Prison rules, regulations, or Practices. State Law that Impose Substantive Criteria, which Limit or guide The discretion Of Officials, have been Held to Create a Protected Liberty interest. Nevertheless, held that the State Scheme, as a whole Created an interest In Liberty, Protected by the due Process Clause. Thus, Necessarily rejects the view That state laws, which impose substantive Limitations and elaborate Procedural requirements on Official Conduct Create No Liberty interest, solely because there Remains the Possibility that an Official Will act in an arbitrary manner at the End Of the Process.

NOTE: Cheryl Price rejection of Plaintiff Request to Appeal Process; Transfers Are not Appealable. Plaintiff Appeals Work release.

NOTE: Magistrates Judges Continued Assertions; I. Discussion A. The work Release Claim. Dixon asserts that defendant Price deprived him of due Process when she refused to transfer him to Work release upon a "recommendation For work release at his Progress Review.

Dixon V. Price Pg. 3.

Again, Defendents, (Classification Manuel Clearly states; Plaintiff may Appeal Discisions directly to the Director of Central Record) Namely, Paul Whaley and/or Designee. derailed Process, rackeet?, Clearly so. Programs without Procedural Dictates, said Federally Funded, are Disproportionately, A Fleece of Citizens of the state of Alabama, requiring Proper Judicial Oversight. to suggest that No Liberty interest is Created as state Law, has not entirely eliminated the Possibility of Arbritrary Action, it is Inconsistent with both Helms and Greenholtz V. Neb. Penal Inmates Cites at 442 U.S. 1, 60 LED 2d 668, 99 SCT 2100 (1979) Interestingly Magistrate Judge see Practice, Although a state Created Protected Liberty Interest, by Placing substantive Limitations on Official discretion.

Hewitt V. Helms, 459 U.S. 460, 74 LED 2d. 675, 103 S.CT 864 (1983) An Inmate Liberty Interest is not Limited to whatever A state Choose to bestow upon him. An inmate retains a significant Residuum of Constitutionally Protected Liberty Sandin V. Connor 515 U.S. 472, 484, 115 S.CT 2293-

Dixon V. Price Pg. 4.
2300, 132 LED 2d 418 (1995) don't Apply. When the state has consistently given A Certain benefit to Prisoners, (For Instance (Via statute or administrative Policy) The Courts Prior Holding in Winsett V. McGinnes, <u>617 F2d 996 (3d.Cir 1980) 449 U.S. 1093, 101 SCT 891, 66 LED 2d 822 (1981)</u> Concluded that delaware statutes and Regulations, Similar to the Alabama Provisions Under Consideration here, did Create A Liberty Interest in the Expectation of work release, that was Protected by the due Process Clause. However, insufficient Consideration to the highly subjective nature of the Prison authorities decisions to grant, or deny, work Release.
The Winsett Court held, that a state Created Liberty interest in work release Arises when a Prisoner meets all Criteria, Eligibility requirements, under the state Regulation, and the exercise of the Prison Authorities decretion is Consistent with work Release Policy. it Follows that Plaintiff requested appeal directly to C.R.B. Director, SEE; Classification Manuel as directed, Could not be derailed, Circumvented.

DIXON V. PRICE Conclusion Pg. 5

I Hereby Certify that a Copy of this The Foregoing has been served upon Counsel For defendants Postage Prepaid Attorney General Ala. State House 11 south Union St. Montgomery, AL 36130

STATE OF Alabama )
County OF _____ )

Before me, a Notary Public in and For said County, in said state, Personally appeared LARRY C. DIXON, whose name is signed To the Foregoing motion, who being duly sworn, Deposes on oath and says: that the information set Forth in the Foregoing motion Is true and Correct to the best of his knowledge and belief.

_Larry C Dixon_
SIGNATURE OF AFFIANT

Sworn to and subscribed before me this 18 Day OF September, 2007

_Laura Hines_  9-1-2010
NOTARY PUBLIC

Bibb County, Alabama

Mr. Larry Carl Dixon
AIS #138238
Bibb County Corr. Facility
565 Bibb Lane
Brent, AL 35034
E4-25-A

BIRMINGHAM AL 350
10 SEP 2007 PM 6 L

United States District Court
(Office of the Clerk)
P.O. Box 711
Montgomery, AL 36101-0711