IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY CARL DIXON (AIS # 138238), | § § | |
| Plaintiff, | § § | 2:07-cv-662-WKW |
| vs. | § § | |
| CHERYL PRICE, et al., | § § | |
| Defendants. | § | |

### ANSWER OF DEFENDANT CARLOS GUTIERREZ, M.D.

COMES NOW Defendant, Carlos Gutierrez, M.D. (identified as "Dr. Carlos M. gutierrez"), for Answer to the Plaintiff's Complaint in this matter, and states as follows:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

2. The Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3. Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4. The Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5. Plaintiff is not entitled to any relief requested in the Complaint.

6. The Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

7. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

8.  The allegations contained in the Plaintiff's Complaint against the Defendant, sued in his individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

9.  The Defendant pleads the general issue.

10. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against the Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

11. Plaintiff's claims against the Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

12. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

13. The Defendant pleads the defense that at all times in treating Plaintiff he exercised the same degree of care, skill, and diligence as other physicians would have exercised under similar circumstances and that at no time did he act toward the Plaintiff with deliberate indifference to a serious medical need.

14. The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

15. The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

16. The Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

17. The Defendant pleads the affirmative defense that he is not responsible for the policies and procedures of the Alabama Department of Corrections, Prison Health Services, Inc. or Baptist Hospital.

18. The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

19. The Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

20. This Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act, Ala. Code § 6-5-481, et seq., and § 6-5-542, et seq.

21. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

22. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious,

fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

23. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

24. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

25. The Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court, pursuant to 42 U.S.C. § 1988, to award said Defendant reasonable attorney's fees and costs incurred in the defense of this case.

26. The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F. Supp. 2d 1252 (D. Kan. 1999).

Respectfully submitted this the 1st day of November, 2007.

*s/ R. Brett Garrett*
R. BRETT GARRETT (GAR085)
Attorney for Defendant, Carlos Gutierrez, M.D.

Of Counsel:
Rushton, Stakely, Johnston & Garrett, P.A.
PO Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Fax: (334) 481-0808
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 1st day of November, 2007, to:

Larry Carl Dixon (AIS # 138238)
BIBB CORRECTIONAL FACILITY
565 Bibb Lane
Brent, Alabama 35034

                                        *s/ R. Brett Garrett*
                                        Of Counsel