IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LARRY C. DIXON, #138238 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:07-cv-662-WKW |
| | ) |
| CHERYL PRICE, et al., | ) |
| | ) |
| Defendant. | ) |

### ANSWER ON BEHALF OF BAPTIST MEDICAL CENTER SOUTH

COMES NOW Baptist Medical Center South ("Baptist") and for Answer to the Complaint filed by Larry C. Dixon, #138238, states as follows:

1. Plaintiff Dixon's Claim does not contain individually numbered paragraphs. However, the allegations on pages 3-5 do not pertain to Baptist Medical Center South and do not state a claim upon which relief can be granted as to this Defendant. Further, Baptist denies any allegations on pages 3-5 as to it, and denies that it is liable to Plaintiff in any manner or amount.

2. Defendant Baptist denies the allegations set out on page #6 and demands strict proof thereof. Further, Baptist denies that it is liable to Plaintiff in any manner or amount.

### AFFIRMATIVE DEFENSES

In further Answer to Plaintiff's Complaint Defendant **Baptist** states the following affirmative defenses:

#### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

#### SECOND DEFENSE

Plaintiff's Complaint fails to plead a claim of malpractice against this Defendant pursuant the requirements of the Alabama Medical Liability Act, Ala. Code § 6-5-551 (1987, *as amended*) and should be dismissed in its entirety.

### THIRD DEFENSE

Plaintiff's Complaint and each count thereof, separately and severally, fails to state a claim or may fail to state a claim against Defendant Baptist upon which relief can be granted.

### FOURTH DEFENSE

There is an efficient, intervening cause which isolates Defendant Baptist from liability.

### FIFTH DEFENSE

Defendant Baptist pleads the defense of contributory negligence.

### SIXTH DEFENSE

Defendant Baptist committed no act or omission, nor did it breach any duty, that caused or contributed in any manner to the injuries and damages complained of by the Plaintiff.

### SEVENTH DEFENSE

Defendant Baptist denies that it has acted in a negligent or wanton manner that caused or contributed to Plaintiff's alleged damages.

### EIGHTH DEFENSE

Defendant Baptist states that Plaintiff may have knowingly and voluntarily assumed the risk of his own actions.

### NINTH DEFENSE

The Complaint fails to state a cause of action for negligence and/or wantonness on behalf of Plaintiff against Defendant Baptist.

### TENTH DEFENSE

Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

### ELEVENTH DEFENSE

Defendant Baptist cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The allegations contained in the Plaintiff's Complaint against Defendant Baptist fail to allege an established policy or custom which led to an alleged violation of his constitutional

rights, therefore Plaintiff fails to state a claim against Baptist. *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992). See *NeSmith v. Corrections Corporation of America*, No. CV-507-043, 2007 W. 243584 (S.D. Ga., Aug. 23, 2007).

### TWELFTH DEFENSE

This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against Defendant would amount to mere negligence which is not recognized as a deprivation of Plaintiff's constitutional rights. See *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).

### THIRTEENTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). Plaintiff has failed to pursue the administrative remedies available to him. See *Cruz v. Jordan*, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

### FOURTEENTH DEFENSE

The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e).

### SIXTEENTH DEFENSE

Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

### SEVENTEENTH DEFENSE

The Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court, pursuant to 42 U.S.C. § 1988, to award said Defendant reasonable attorneys' fees and costs incurred in the defense of this case.

### EIGHTEENTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of the plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering.  The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award.  Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

A. It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States;

B. It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

C. It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

D. It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### NINETEENTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the due process clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant, it is

unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

### TWENTIETH DEFENSE

As an affirmative defense to this claim, Defendant **Baptist** asserts the provisions, separately and severally, of the Medical Liability Act of 1987 and specifically plead in defense to this action and asserts the applicability of the provisions of § 6-5-542 through § 6-5-552 of the CODE OF ALABAMA. (1987).

### TWENTY-FIRST DEFENSE

This Defendant avers as an affirmative defense the provisions of § 6-11-21, ALA. CODE (1975), as amended.

### TWENTY-SECOND DEFENSE

This Defendant avers as an affirmative defense the limitation of damages as provided under § 6-11-21, ALA. CODE (1975), as amended.

### TWENTY-THIRD DEFENSE

Plaintiff is not entitled to compensatory or punitive damages.

### TWENTY-FOURTH DEFENSE

Defendant Baptist Medical Center South is a governmental entity pursuant to ALA. CODE § 11-93-1 (1975) and, therefore, is immune from liability and/or has limited liability under the facts and circumstances of this case pursuant to ALA. CODE § 11-93-2 (1975).

### TWENTY-FIFTH DEFENSE

Plaintiff's demand herein for punitive damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. The Plaintiff's claim for punitive damages herein is vague and not rationally related to any legitimate government interests.

**TWENTY-SIXTH DEFENSE**

Plaintiff's demand herein for punitive damages violates the Sixth Amendment to the United States Constitution and Article I, Section 11 of the Constitution of Alabama of 1901. The Plaintiff's demand for punitive damages herein is penal in nature and deprives Defendant of the same procedural safeguards accorded to a criminal defendant under said federal and state constitutional provisions.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's demand for punitive damages violates the Self-Incrimination Clauses of the Fifth Amendment of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. The punitive damages claimed by the Plaintiff are penal in nature. The Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination provided for in said federal and state constitutional provisions.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's demand herein for punitive damages violates Article I, Sections 10 and 13 of the Constitution of Alabama of 1901.

**TWENTY-NINTH DEFENSE**

Plaintiff's demand herein for punitive damages is unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. Said Constitutional provisions prohibit the deprivation of life, liberty or property without due process of law. Punitive damages are penal in nature and require a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

**THIRTIETH DEFENSE**

Plaintiff's demand herein for punitive damages is unconstitutional under the Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama of 1901.

### THIRTY-FIRST DEFENSE

Defendant avers that the imposition of punitive damages under Alabama law is arbitrary and capricious. Inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt. Further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama. Additionally, the imposition of punitive damages under Alabama law, even with Green Oil and Hammond's guidelines, is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between Defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996).

A.  Notions of judicial fairness, Due Process, and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provides no such notice to Defendant leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996).

B.  The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to Defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive Defendant of its property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

### THIRTY-SECOND DEFENSE

Defendant Baptist contests the damages and injuries which are being asserted in Plaintiff's Complaint and all amendments thereto and demand strict proof thereof.

### THIRTY-THIRD DEFENSE

While Defendant Baptist denies that Plaintiff is entitled to any relief against it, this Defendant hereby asserts the provisions of §§ 6-5-543 and 6-5-544, ALA. CODE, 1975 *as*

*amended,* and gives notice that any recovery against this Defendant can only be had in accordance with, subject to, and in accordance with the statutory limitations set out therein.

### THIRTY-FOURTH DEFENSE

Defendant Baptist asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

**Defendant BAPTIST MEDICAL CENTER SOUTH reserves the right to plead additional affirmative defenses as they become known in the course of discovery.**

/s/ James E. Williams
JAMES E. WILLIAMS (ASB-9283-W84J)
Melton, Espy & Williams, PC
255 Dexter Avenue
Post Office Drawer 5130
Montgomery, AL 36103-5130
Telephone: (334) 263-6621
Facsimile: (334) 269-9515
jwilliams@mewlegal.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing upon the Plaintiff, Larry C. Dixon, AIS #138238, Bibb County Correctional Facility, 565 Bibb Lane, Brent, Alabama, 35034, E425A, on this the 2nd day of November, 2007.

Further, a copy of the foregoing has been electronically filed on the 2nd day of November, 2007, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Office of the Attorney General<br>11 South Union Street<br>Montgomery, AL<br>Staff Attorneys<br>cc_prose@almd.uscourts.gov | Brett Garrett<br>bg@rsjg.com, | Ham Wilson<br>hwilson@ball-ball.com |

/s/ James E. Williams
OF COUNSEL